| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
| VÍCTOR DEL MORAL<br><br>Peticionario<br><br>v.<br><br>JOSUÉ ROSA REYES, PRO WHEELS, INC., D/B/A JOR AUTOMOTIVE y otros<br><br>Recurrido<br>Demandante contra Tercero<br><br>v.<br><br>ROBERTO EDUARDO ORTIZ CARPENA<br><br>Recurrido<br>Tercero Demandado | KLCE202400007 | *CERTIORARI*<br>Procedente<br><br>Civil Núm.:<br>CG2022CV03800 (705)<br><br>Sobre: Daños, Incumplimiento de Contrato, Nulidad de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Díaz Rivera[1].

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparece ante nos el señor Víctor Del Moral ("Sr. Del Moral" o "Peticionario"), mediante *Certiorari* presentado el 2 de enero de 2024. Nos solicita que revisemos una *Orden* emitida en corte abierta el 30 de noviembre de 2023, notificada mediante *Minuta* el 4 de diciembre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración instada por la Peticionaria.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari*.

---

[1] Mediante Orden Administrativa número OATA-2024-022 se modifica la integración del panel, ya que el Hon. Carlos Candelaria Rosa se encuentra fuera del Tribunal por causas justificadas.

Número Identificador

SEN(RES)2024_____

**I.**

La presente controversia inició cuando el 11 de noviembre de 2022, el Sr. De Moral incoó una *Demanda*[2] sobre daños y perjuicios, dolo contractual y fraude contra Pro Wheels Inc. haciendo negocios como Jr. Automotive ("Jr. Automotive") y el señor Josué Rosa Reyes ("Sr. Rosa Reyes" o "Recurrido"), en su carácter de propietario de Jr. Automotive y presidente de Pro Wheels Inc. En síntesis, el Peticionario alegó que el 18 de diciembre de 2021, acudió al concesionario Jr. Automotive y suscribieron un contrato para la compraventa de un vehículo de motor usado marca Ford modelo F150. Sostuvo que antes de efectuarse la venta, le solicitó al vendedor que le mostrara el historial del vehículo, para asegurarse que el mismo se encontraba en condiciones óptimas. Indicó que el vendedor le mostró un historial de un portal cibernético que reflejaba que el vehículo estaba libre de accidentes y que el millaje era de 43,658. Así fue establecido en el contrato de compraventa.

Luego de efectuada la venta y emitido el pago correspondiente, el Peticionario alegó que el vehículo comenzó a presentar varios desperfectos mecánicos ("*Check Engine*"). Arguyó que tuvo que contratar los servicios de un mecánico, el cual le indicó que sospechaba que el millaje pudo haber sido alterado. Ante ello, solicitó el historial y advino en conocimiento que, a la fecha de la venta, el vehículo registraba un millaje sobre las 100,000 millas.

Por lo antes expuesto, alegó que Jr. Automotive incurrió en dolo grave puesto que adquirió el consentimiento para la compraventa de mediante engaño y maquinaciones insidiosas. Señaló que la alteración del odómetro del vehículo constituyó fraude y, además, le ocasionó que incurriera en gastos no contemplados. Por lo cual, solicitó que se condenara al concesionario Recurrido al

---

[2] Apéndice *certiorari*, págs. 1-8.

pago de $100,000 por los daños ocasionados, más $5,000 en concepto de gastos y honorarios de abogado.

Transcurridos varios trámites procesales, el 27 de diciembre de 2022, Jr. Automotive presentó su *Contestación [a la] demanda*,[3] en la que negó prácticamente todas las alegaciones que se le imputaban. Arguyó que había adquirido el vehículo en controversia dos (2) semanas antes de la compraventa con el Peticionario, del señor Roberto E. Ortiz ("Sr. Ortiz Carpena" o "Tercero Demandado"). Señaló que adquirió el vehículo con la misma información de millaje que aparece en el Certificado de Título. Añadió que **siempre ha estado dispuesto a desistir del contrato y devolverle al Peticionario todo el dinero pagado por el vehículo**.

Luego, el 11 de abril de 2023, se celebró la *Conferencia Inicial*. Según surge de la *Minuta*,[4] las partes coordinaron que las deposiciones serían realizadas el 10 de mayo de 2023. Asimismo, se estableció que las partes iniciarían conversaciones transaccionales, en aras de no retrasar el descubrimiento de prueba. Así, quedó pautada una vista procesal para el 8 de junio de 2023.

Posteriormente, el 12 de junio de 2023, Jr. Automotive presentó *Demanda contra tercero*.[5] En esta, incluyó como tercero demandado al Sr. Ortiz Carpena. Sostuvo que, el 11 de diciembre de 2021, adquirió del Sr. Ortiz Carpena el vehículo de motor en controversia. Señaló que, al efectuarse la compraventa, el millaje que tenía el vehículo de motor era de 43,658 y no es hasta que el Sr. De Moral le remite una carta reclamando la alteración del odómetro que adviene en conocimiento que el millaje era de 171,701. Añadió que cuando le inquirió al Sr. Ortiz Carpena sobre las alegaciones del Peticionario, éste solo informó que había gastado el dinero recibido

---

[3] *Íd*, págs. 66-70.
[4] *Íd*, págs. 82-83.
[5] *Íd*, págs. 99-109.

por el vehículo. Por lo cual, alegó que el tercero demandado era el responsable de los daños alegados por el Peticionario.

Así las cosas, el 28 de agosto de 2023, se celebró una *Vista Procesal.* Según la *Minuta,*[6] el foro primario dispuso lo siguiente:

- Las partes acordaron que el 19 de septiembre de 2023, a las 10:00 a.m., se le tomara la deposición a Josué Rosa y a las 2:00 p.m. a Roberto Ortiz, ambas el mismo día y en la oficina del licenciado Santiago.
- [...].
- **Durante ese periodo, las partes deberán haber terminado los interrogatorios y la toma de deposiciones.** (Énfasis nuestro).

Transcurridos varias incidencias procesales, el 2 de noviembre de 2023 se celebró *Vista sobre Estado de los Procedimientos.*[7] En la vista, la representación legal del Peticionario alegó que aún no tenía contratado a un perito que contara con el equipo requerido para llevar a cabo la inspección del vehículo. No obstante, habían coordinado la inspección del vehículo con el presidente del Colegio de Técnicos de Puerto Rico, el señor Gustavo Vidal, para lo cual solicitó un término adicional. Por su parte, los codemandados se opusieron a la solicitud de prórroga que el descubrimiento de prueba había concluido.

Surge, además, que el Peticionario informó las gestiones para la contratación de un perito. No obstante, ese día presentaría el *Curriculum Vitae* del Sr. Gustavo Vidal, solicitó un término de 45 días para que éste realizara las labores correspondientes. Los codemandados replicaron que no se ha presentado el *Curriculum Vitae* de perito alguno y que no había evidencia de contratación.

Luego de evaluar los argumentos de las partes, el foro primario dispuso lo siguiente:

Se le impuso una sanción de $500 al Peticionario por el incumplimiento de las órdenes del tribunal, a favor de cada codemandado.[8]

---

[6] *Íd,* págs. 131-132.
[7] *Íd,* págs. 172-174.
[8] Cabe destacar que antes de notificada la *Minuta* el 13 de noviembre de 2023, los codemandados solicitaron al foro primario que le impusiera sanciones a la parte

> Se le concedió un término de quince (15) días al Peticionario para la presentación del informe pericial.
>
> Se le concedió un término de diez (10) días al Peticionario para que, entre otras cosas, proveyera la información sobre los peritos previamente consultados.
>
> Se le ordenó al Peticionario a que enviara ese día el nombre y *Curriculum Vitae* del alegado perito.

En desacuerdo, el 17 de noviembre de 2023, el Peticionario presentó *Moción en Solicitud de Reconsideración*.[9] Por virtud de esta, solicitó que reconsiderara su determinación emitida el 2 de noviembre de 2023, puesto que el expediente demuestra que en ningún momento incumplió con las órdenes del tribunal. Sostuvo, además, que el foro primario no había emitido orden alguna sobre cuando culminaba el descubrimiento de prueba. A dicha solicitud se opuso el Recurrido.[10] Mediante *Orden* emitida y notificada el 28 de noviembre de 2023, el foro primario les informó a las partes que atendería la solicitud de reconsideración y su oposición en la vista del 30 de noviembre de 2023.[11]

Así las cosas, el 30 de noviembre de 2023, se llevó a cabo la *Vista Procesal*. Conforme surge de la *Minuta*, el Peticionario informó que el Sr. Vidal declinó de prestar sus servicios como perito, por lo que renunció a presentar prueba pericial. No obstante, indicó que solicitó un informe del vehículo directamente de la compañía Ford, el cual indicaba que el millaje de la unidad sobrepasaba las 100,000 millas. En vista de ello, solicitó un término de cinco (5) días para someter un proyecto de orden a la compañía Ford, el Departamento de Hacienda y Centro del Servicios al Conductor ("CESCO") para obtener el historial del vehículo. A dicha solicitud se opusieron los codemandados.

---

Peticionaria por incumplir con la notificación del *Curriculum Vitae* del perito en la fecha ordenada por el foro primario. Además, alegaron que cuando el Peticionario informó el *Curriculum Vitae*, fuera del término ordenado, les anunció que este era un perito **"consultado; no contratado",** lo cual reabriría indefinidamente el descubrimiento de prueba. Véase Apéndice *certiorari*, págs. 155-168.

[9] *Íd*, págs. 181-188.
[10] *Íd*, págs. 190-223.
[11] *Íd*, pág. 224.

Presentadas las alegaciones de todas las partes, el foro primario expresó lo siguiente: "[c]uando un caso llega ante el tribunal, tiene que estar maduro y el peso de la prueba lo tiene la parte demandante". A su vez, trajo a la atención el reiterado incumplimiento del Peticionario con las órdenes emitidas. Por lo cual, **declaró *No Ha Lugar* la solicitud de reconsideración presentada por el Peticionario** y determinó que no se permitirá la presentación de prueba pericial a dicha parte. En adición, resolvió que el descubrimiento de prueba había culminado. Así, le concedió un término a las partes para que presentaran sus mociones dispositivas, de entenderlo necesario, y señaló una Vista Argumentativa para el 15 de febrero de 2024.

Inconforme aún, el 2 de enero de 2024, el Peticionario acudió ante esta Curia mediante *Certiorari,* en el que le imputó al foro primario la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia, abusó de su discreción, además de cometer un error manifiesto en la interpretación del derecho a imponer sanciones a la parte demandante, bajo la premisa de incumplimientos reiterados a las ordenes del tribunal, careciendo las sanciones aplicadas a la parte demandante de justificación adecuada.

> Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción, además de cometer un error manifiesto, al no conceder el término solicitado por la parte demandante y que el descubrimiento de prueba había terminado no existiendo en autos una orden emitida por el Tribunal disponiendo la culminación del descubrimiento.

> Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción, además de cometer error manifiesto, al no otorgar el término solicitado por la parte demandante para la presentación de un informe pericial fundamentado en la premisa de que el periodo de descubrimiento de prueba había concluido, cuando, de hecho, no existía durante todo el trámite judicial una orden de calendarización previa del tribunal que determinara y/o calendarizara el fin de dicho periodo.

El 16 de enero de 2024, la parte Recurrida presentó *Memorando en oposición a expedición de recurso de certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**II.**

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023); 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo de Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos

litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### III.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este Tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido al foro primario y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el foro *a quo* no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o

aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

**IV.**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones